IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFF N. MOODY,

    Petitioner,

v.                                                                                    CIV 15-0580 RB/KBM

PHILLIP GREER, CHIEF and
HECTOR BALDERAS, ATTORNEY
GENERAL, STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Order of Reference by the Honorable Robert Brack to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. *Doc. 5*. Upon review of Respondents' Motion to Dismiss without prejudice, *(Doc. 7)* to which Petitioner did not respond *(Doc. 10)*[1], this Court recommends that Petitioner's federal Petition for Writ of Habeas Corpus be dismissed without prejudice because Petitioner has failed to exhaust state court remedies.

### I.   BACKGROUND

On May 15, 2011, Petitioner was arrested and taken into custody based on events that took place on May 10, 2011. *Doc. 8-1* at 3. Petitioner had his first appearance on May 18, 2011, before the Honorable Henry Alaniz in Bernalillo County Metropolitan Court. *See* T-4-CR-2011010174. On June 3, 2011, Petitioner was indicted

---

[1] Ordinarily, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, putting aside this procedural nuance, the Court finds good cause to dismiss the petition for the reasons stated in this decision.

by a grand jury for second degree murder, tampering with evidence and conspiracy to tamper with evidence, and his case was transferred to the Second Judicial District Court for the State of New Mexico ("state court"). *Id.*; *see also* D-202-CR-201102487, https://caselookup.nmcourts.gov/caselookup/app (Case Detail).

Thereafter, Petitioner's criminal case proceeded in a volatile fashion. *See generally Doc. 8-1* at 3-39. Numerous judges were assigned to the case because Petitioner executed his right to disqualify under New Mexico law, an assigned judge recused himself, the parties stipulated to reassignment, and also because of an administrative reassignment. *Id.* at 4-6, 9, 12. Numerous plea negotiations were also had between Petitioner and the State of New Mexico, including two pleas to which Petitioner agreed, but ultimately rejected at plea hearings occurring on June 4, 2014 and June 12, 2015. *Id.* at 9-11, 71. On April 14, 2015, Petitioner (through counsel) filed a motion to dismiss for, among other things, violation of his right to a speedy trial. *See generally Doc. 8-1* at 42-54. The final judge on Petitioner's case, the Honorable Judith Nakamura, denied Petitioner's motion on July 8, 2015. *Id.* at 3-40. Judge Nakamura found that, while the more than fifty-month pretrial delay in Petitioner's case was "extremely long," a significant portion of the delay was attributable to Petitioner's actions and acquiescence. *Id.* at 37. Thereafter, Chief Judge Nakamura tried the case from July 27-29, 2015, and a jury found Petitioner guilty on all counts.[2] *Id.* at 72-6.

Petitioner appeared for sentencing in state court on November 4, 2015. D-202-CR-201102487. At his sentencing hearing Petitioner was committed to the New Mexico Department of Corrections and sentenced to a period of 21 years imprisonment with 4

---

[2] Petitioner was ultimately convicted of second degree murder, tampering with evidence, conspiracy to commit tampering with evidence, and a special verdict was rendered finding that Petitioner tampered with evidence related to second degree murder. *Doc. 8-1* at 72-6.

years and 177 days credit for time-served, as well as 2 years of probation thereafter. *Id.* Judgment was subsequently entered on November 5, 2015. *Id.*

Prior to his state court trial, Petitioner filed his petition under 28 U.S.C. Section 2254 in this Court on July 6, 2015. *Doc. 1*. Soon after, Petitioner submitted a *pro se* application for writ of habeas corpus under Section 2254 in state court on July 15, 2015. *Doc. 8-1* at 77-82.[3] The petition filed in this Court and application filed in state court are substantively the same. *Compare Doc. 1 with Doc. 8-1* at 77-82. The petition alleges that the motion to dismiss he filed during the pendency of his state criminal trial "was not answered in a timely manner"[4] and that he "is unclear heretofore for the reasoning behind the judges repetively (sic) disqualifying themselves." *Doc. 1* at 2. Petitioner acknowledges that he has not appealed a judgment in state court and that the "grounds for relief raised in [his] petition have not been presented to the highest state court" but explains that this is only because he "proclaims no-confidence in the New Mexico judicial system." *Id.* at 3. On these grounds Petitioner asks the Court to dismiss his underlying criminal case with prejudice and also "recmmends (sic) Department of Justice review of the Second Judicial District Court of New Mexico." *Id.* at 4.

## II.   ANALYSIS

Under 28 U.S.C. § 2254, this Court may review a writ of habeas corpus submitted by "a person in custody pursuant to the judgment of a State court[.]" 28 U.S.C.A. § 2254(a). However, this Court may not grant such a writ unless the applicant

---

[3] The *pro se* petition submitted in state court was rejected by Chief Judge Nakamura because Petitioner was represented by counsel. *Doc. 8-1* at 77.

[4] As addressed above, Chief Judge Nakamura resolved Petitioner's motion to dismiss two days after he submitted his petition in this court, on July 8, 2015. *Doc. 8-1* at 3-40.

has exhausted his state court remedies, or shown that there are no such remedies available. *Id.* at § 2254(b)(1). "This principle, known as the doctrine of exhaustion, requires a state prisoner to fairly present his federal constitutional claims to the state courts before he may raise those claims in a federal habeas corpus petition." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995); *see Rose v. Lundy*, 455 U.S. 509, 515-19 (1982) ("as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.") (internal citations omitted). "To exhaust a claim, a state prisoner must pursue it through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoted authority omitted). The petitioner "bears the burden of showing he has exhausted available state court remedies." *Hernandez*, 69 F.3d at 1092.

The State of New Mexico entertains habeas petitions with regularity. "The writ of habeas corpus, a creature of common law dating back to at least the Magna Carta, became part of New Mexico law when the Territory adopted the common law." *Cummings v. State*, 2007-NMSC-048, ¶ 5, 142 N.M. 656, 658 (citation omitted). Originally, a state district court's decision on a habeas petition was final. *Id.* ¶ 6. Now, however, there are two avenues for relief available to inmate petitioners. The first is through post-conviction relief pursuant to Section 31-11-6 of the New Mexico Statutes.

*See* NMSA 1978, § 31-11-6 (2015). However, a "habeas petitioner is not required to first seek relief via a post-conviction remedy motion before seeking a writ of habeas corpus." *Cummings*, 2007-NMSC-048, ¶ 22. Instead, subject to the limitation stated in Section 31-11-6(F), an inmate may present a petition in state district court. *See* Rule 5-802 NMRA. If denied relief in district court, the petitioner may then seek a writ of certiorari directly from the New Mexico Supreme Court, which maintains original jurisdiction over habeas proceedings. *Cummings*, 2007-NMSC-048, ¶ 8.

Petitioner admits that he has not satisfied either avenue for state habeas relief. *Doc. 1* at 3. Now that he has been sentenced and judgment has been entered against him, Petitioner still has available a direct appeal for post-conviction relief pursuant to state process, or, should he decline to raise such a motion for review, a writ with the New Mexico Supreme Court seeking certiorari. In other words, Petitioner still has state-law recourse for his habeas claim, and, accordingly, cannot show that he has exhausted the state remedies that are available to him.

Petitioner declares in his petition that his failure to exhaust stems from his "proclaim[ed] no-confidence in the New Mexico judicial system." *Id.* Construing this statement liberally, Petitioner appears to be arguing that "circumstances exist that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C.A. § 2254(b)(1)(B)(ii). However, as with exhaustion, it is Petitioner's burden to prove that recourse to state habeas processes would be futile. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citations omitted). Here, Petitioner fails to meet this burden in either his petition or by response to the present motion. *See, e.g.*, *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) ("We will not excuse a failure to exhaust state

remedies unless it is affirmatively shown that resort to them would be useless.");

*Gordon v. State of NM*, CIV 11-0802 JAP/LFG, Doc. 16 (D.N.M. 2012) (Garcia, MJ) (Report and Recommendation later adopted by the Court by Doc. 17) ("Gordon's summary supposition that his state court habeas petition will be denied does not demonstrate that he exhausted his state court remedies. Indeed, the state court docket does not indicate . . . that the state habeas petition was filed.").

### III.  CONCLUSION

For these reasons,

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss be granted and that this matter be dismissed, without prejudice, for failure to exhaust state court remedies.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**