IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFF N. MOODY,

    Petitioner,

v.                                                                                                         CIV 15-0580 RB/KBM

PHILLIP GREER, CHIEF and
HECTOR BALDERAS, ATTORNEY
GENERAL, STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motions to Proceed with Habeas Corpus. *Doc. 16, Doc. 17*. While styled in this manner, these motions actually appear to be objections to Chief Magistrate Judge Molzen's Proposed Findings and Recommended Disposition ("PFRD"), which was adopted by this Court on December 21, 2015. *Doc. 12*. In addition to being untimely, the motions set forth no substantive objection to Chief Magistrate Judge Molzen's Proposed Findings and Recommended Disposition. Therefore, the Court denies the Motions.

### I.     BACKGROUND

Petitioner filed his petition under 28 U.S.C. Section 2254 in this Court on July 6, 2015. *Doc. 1*. On November 12, 2015, Chief Magistrate Judge Molzen issued her PFRD recommending that this case be dismissed without prejudice due to Petitioner's failure to exhaust his state court remedies. *Doc. 12*. At the end of the PFRD Chief Magistrate Judge Molzen notified Petitioner of the fourteen (14) day deadline to object to the same pursuant to 28 U.S.C. § 636(b)(1). *Id.* On November 24, 2015, PFRD was returned as

1

undeliverable. *Doc. 13*. The Court was able to located Petitioner and then re-sent the PFRD to his correct address on November 30, 2015. Twenty-one days later this Court, noting no objections or returned mail, entered its Order Adopting Chief Magistrate Judge's PFRD on December 21, 2015, and dismissed the action without prejudice. *Doc. 14*. Thereafter, Petitioner filed his Motions to Proceed with Habeas Corpus on December 28, 2015, and January 11, 2016. *Docs. 16, 17*.

Petitioner's motions provide no substantive objection to Chief Magistrate Judge Molzen's PFRD or an explanation of why they were filed untimely. *See id.* Rather, the Motions generally restate the substance of Petitioner's petition and contain almost identical language and content to it. *Id.* Petitioner's only mention of the PFRD is near the end of his Motions, wherein he states that fourteen days is not a lot of time for him to respond, and so he will be supplementing his responses with case law. *Doc. 16* at 2, *Doc. 17* at 2. Petitioner also makes no mention of the status of his state case, other than to indicate that he does not know whether or not the appeal has been filed. *Id.*

## II.   ANALYSIS

The "firm waiver" rule requires timely objection to a magistrate judge's recommendation as a precondition for appellate review. *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006). The rule applies equally to represented litigants and pro se parties. *Id.* The waiver rule may be suspended only in the interests of justice or if the aggrieved party can demonstrate plain error. *Id.* Neither apply here. Petitioner's Motions cite nothing to excuse the untimely filing of his objections. Even if they did, Petitioner's Motions fail to demonstrate any reason for the Court to conclude that Chief Magistrate

Judge Molzen erred in finding that Petitioner has failed to exhaust his state court remedies.

Wherefore,

**IT IS HEREBY ORDERED** that Petitioner's Motions to Proceed with Habeas Corpus are DENIED.

_____
UNITED STATES DISTRICT JUDGE